[Cite as *State v. Brandenburg*, 2012-Ohio-4926.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA3252 |
| | : | |
| vs. | : | **Released: October 16, 2012** |
| | : | |
| WILLIAM J. BRANDENBURG, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Chase B. Bunstine, Chillicothe, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Richard W. Clagg, Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.
_____

McFarland, J.:

**{¶1}** Appellant, William J. Brandenburg, appeals the judgment of the Ross County Court of Common Pleas. Appellant pled no contest to three counts of aggravated trafficking. Appellant contends the trial court erred in denying his motion to suppress in that there was no probable cause to stop the vehicle in which Appellant was traveling as a passenger. The vehicle in question was stopped because Deputy Williamson observed a "fog line" violation. Upon review, we agree with the trial court that Deputy Williamson had a reasonable articulable suspicion that a traffic violation had occurred.

Further, we believe that the traffic stop was justified and the suppression motion properly denied. As such, we affirm the judgment of the trial court.

FACTS

{¶2} On August 6, 2010, Appellant was indicted on three counts of aggravated trafficking, in violation of R.C. 2925.03. On October 15, 2010, Appellant filed a motion to suppress evidence obtained as a result of a traffic stop which occurred on March 14, 2010 in Ross County. Appellant was traveling as a passenger in the vehicle which was detained and searched. The motion to suppress hearing took place on January 4, 2011.

{¶3} At the suppression hearing, Deputy Brad Williamson, Deputy Brad Parrett, and Deputy Twila Goble testified on behalf of the State of Ohio.

{¶4} Deputy Williamson testified that he has worked as a road patrol deputy for the Ross County Sheriff's Office for approximately 8 years. He was on duty on the night in question when Deputy Twila Goble informed him that persons were traveling from Florida, possibly transporting illegal prescription medication. He was given a description of the vehicle to be looking for, a red Pontiac. When Deputy Williamson observed the vehicle, traveling northbound on U.S. Route 35, he observed the Pontiac drive over the fog line on the right side. After he noticed this violation, he checked the

registration and the license tags did not match the vehicle listed.    At this point, Deputy Williamson initiated the traffic stop. The driver of the vehicle was Angela Dozer.   Upon contact with Ms. Dozer, she provided her vehicle title which confirmed that she had recently purchased the vehicle. At the point that Deputy Williamson was checking the vehicle title and registration, Deputy Goble arrived at the scene.  Deputy Williamson requested assistance from the K-9 unit.   After Deputy Brad Parrett arrived with "Bach" and the dog alerted to possible drugs in the car, the occupants were removed from the vehicle and searched.

{¶5} Deputy Goble also testified she has been employed by the Ross County Sheriff's Department since 2004.  On March 14, 2010, Deputy Goble received information from a dispatcher about the red Pontiac possibly transporting prescription drugs from Florida to the Chillicothe area. Deputy Goble gave that information to other officers working the same shift. The dispatcher apparently received the information from an anonymous caller.

{¶6} Finally, Deputy Brad Parrett testified that he was called to the scene to do a K-9 sniff of the vehicle.   He testified to his employment with the Ross County Sheriff's Department for over 7 years.  He has been employed as part of the K-9 unit since 2007.   He and Bach made two trips around the vehicle when the dog gave a positive alert on the driver's side.

Deputy Parrett also testified as to his extensive training, certification, and re-certification.

{¶7} All evidence regarding the traffic violation was testimonial. The violation was not captured on camera.

{¶8} On April 18, 2011, the trial court overruled the motion to suppress, finding that Deputy Williamson did have probable cause to stop the Dozer vehicle for crossing the fog line and that he also had a reasonable basis to stop the vehicle as the license and registration did not match initially.

{¶9} Appellant subsequently entered a plea of no contest to all three counts of the indictment. He was sentenced on July 26, 2011. This appeal followed.

ASSIGNMENT OF ERROR

I.    "THE DEFENDANT-APPELLANT SUBMITS THAT THE TRIAL COURT WAS IN ERROR IN FINDING THAT DEPUTY BRAD WILLIAMSON HAD PROBABLE CAUSE TO PULL THE VEHICLE OVER IN WHICH DEFENDANT-APPELLANT WAS A PASSENGER. THE TRIAL COURT CONCLUDED THAT A FOG LINE VIOLATION WAS ENOUGH FOR THE DEPUTY TO PULL OVER THE VEHICLE."

LEGAL ANALYSIS

{¶10} In his sole assignment of error, Appellant specifically contends that the trial court erred in concluding that a fog line violation gave rise to probable cause for Deputy Williamson to pull over the vehicle in which Appellant traveled as a passenger.

{¶11} Our review of a decision on a motion to suppress "presents mixed question of law and fact." *State v. McNamara*, 124 Ohio App.3d 706, 710, 707 N.E.2d 539,  (4th Dist.1997) citing *United States v. Martinez* (C.A. 11, 1992),  49 F.2d 1117, 1119.  At a suppression hearing, the trial court is in the best position to evaluate witness credibility.  *State v. Dunlap*, 73 Ohio St.3d 308, 314, 1995-Ohio-243, 652 N.E.2d 988 (1995). Accordingly, we must uphold the trial court's findings of fact if competent, credible evidence in the record supports them.  Id.  We then conduct a de novo review of the trial court's application of the law to the facts.  *State v. Anderson*, 100 Ohio App.3d  688, 691, 654 N.E.2d 1034 (4th Dist.1995); *State v. Fields* (Nov. 29, 1999) 4th Dist. No. 99CA11.

R.C. 4511.33(A)(1), driving in marked lanes, is at issue in this matter. The statute provides as follows:

(A) Whenever any roadway has been divide into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply: (1) A vehicle or trackless trolley shall be driven, as nearly as practicable, entirely within a single lane or

line of traffic and shall not be moved from such lane or line
until the driver has first ascertained that such movement can be
made with safety.

{¶12} Although probable cause "is certainly a complete justification for a traffic stop," it is not required. *State v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, at ¶23. So long as "an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." Id. at ¶8. Reasonable and articulable suspicious is obviously a lower standard than probable cause. See Id. at ¶23. To conduct an investigatory stop, the officer must be able to point to specific and articulable facts which, taken together with rational inferences derived from those facts, give rise to a reasonable suspicion that the individual is engaged or about to be engaged in criminal activity. See *State v. Williams,* 51 Ohio St.3d 58, 60-61, 554 N.E.2d 108 (1990) (per curiam)." The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044, at paragraph one of the syllabus (1990).

{¶13} Appellant's challenge of the basis for the traffic stop, is identical to that raised in *Mays,* supra, and our analysis of the "fog-line"

cases remains the same.  The Fourth Amendment to the United States

Constitution and Section 14, Article I of the Ohio Constitution guarantee the

right to be free from unreasonable searches and seizures.  *State v. Orr*

(2001), 91 Ohio St.3d 389, 391, 745 N.E.2d 1036.  The United States

Supreme Court has stated that a traffic stop is constitutionally valid if an

officer has a reasonable and articulable suspicion that a motorist has

committed, is committing,  or is about to commit a crime.  *Delaware v.*

*Prouse* (1979), 440 U.S. 648,  663, 99 S.Ct. 1391,  quoting *United States v.*

*Brignoni-Ponce* (1975), 422 U.S. 873, 881, 95 S.Ct. 2574. If an officer's

decision to stop a motorist for a criminal violation, including a traffic

violation, is prompted by reasonable and articulable suspicion considering

all the circumstances, then the stop is constitutionally valid.  *Mays* at ¶8.

{¶14} "The Fourth Amendment imposes a reasonableness standard

upon the exercise of discretion by government officials. **1208 *Delaware v.*

*Prouse* (1979), 440 U.S. 648, 653-654, 99 S.Ct. 1391. 'Thus, the

permissibility of a particular law enforcement practice is judged by

balancing its intrusion on the individual's Fourth Amendment interests

against its promotion of legitimate governmental interests.' Id. at 654, 99

S.Ct. 1391.  To justify a *409 particular intrusion, the officer must

demonstrate 'specific and articulable facts which, taken together with

rational inferences from those facts, reasonably warrant that intrusion.' *Terry v. Ohio* (1968), 392 U.S. 1, 21, 88 S.Ct. 1898." *State v. Batchili,* 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2 1282,¶11. "The 'reasonable and articulable suspicion' analysis is based on the collection of factors, not on the individual facts themselves." (Emphasis sic.) Id. At ¶19.

{¶15} Appellant contends that there was no traffic violation because the statute provides that crossing the fog line does not mean a violation of the statute has occurred if "such movement can be made with safety." Appellant points out that S.R. 35 is a highway which consists of both sharp and gradual curves and that it is likely that every vehicle traveling on U.S. 35 for even a short period of time would likely cross the fog line, whether traffic is congested or light. Appellant notes that there was nothing in Deputy Williamson's testimony that would give the impression that the Dozer vehicle was not being operated in a safe manner. Appellant also asserts that the intent of the lawmakers was not that any given crossing of the fog line be an automatic violation, but that a violation which did not demonstrate safe maneuvering would comport with the intent of the lawmakers.

{¶16} In this matter, Deputy Williamson needed only a reasonable articulable suspicion that a traffic violation had been committed or was

about to be committed.  Reasonable suspicion was demonstrated at the suppression hearing when Deputy Williamson articulated his observation of the red Pontiac, the Dozer vehicle, crossing the fog line on the right side. Before initiating a stop at this point, Deputy Williamson ran the tags and registration and discovered that they did not match.  This is when he decided to initiate the traffic stop. The trial court found that probable cause existed to initiate the traffic stop and while that is a stricter standard and a complete justification for the stop, it is not required. See *Mays,* at ¶23, and *Evans*, supra.  See also *State v. Lewis,* 4th Dist No.  08CA3226, 2008-Ohio-6691, ¶17.

{**¶17**} Appellant's arguments must fail, as in *Mays*, because the Supreme Court was clear when it stated:

> " R.C. 4511.33 requires a driver to drive a vehicle entirely within a single lane of traffic…R.C. 4533.11 does provide for certain circumstances in which a driver can cross a lane line without violating the statute.  However, the question of whether appellant might have a possible defense to a charge of violating R.C. 4511.33 is irrelevant in our analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop.  An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge.
>
> R.C. 4511.33(A)(1) provides that a driver must remain within the lane markings 'as nearly as practicable' and ***1209 that a driver shall not move from a lane 'until the driver has first ascertained that such moment can be made with safety.' The phrase 'as nearly as practicable' does not give the driver

the option to remain within the lane markings rather, the phrase requires the driver to remain within the lane markings unless the driver cannot reasonably avoid straying."

The *Mays* court further explained:

"We agree with the Seventh District Court of Appeals' explanation of R.C. 4511.33 in *State v. Hodge,* 147 Ohio App.3d 550, 2002-Ohio-3053, 771 N.E.2d 331. The *Hodge* court stated: 'the legislature did not intend for a motorist to be punished when road debris or a parked vehicle makes it necessary to travel outside the lane. Nor, we are quite certain, did the legislature intend this statute to punish motorists for traveling outside their lane to avoid striking a child or animal. We are equally certain the legislature did not intend the statute to give motorists the option of staying within the lane of their choosing. Common sense dictates that the statute is designed to keep travelers, both in vehicles and pedestrians, safe. The logical conclusion is that the legislature intended only special circumstances to be valid reasons to leave a lane, not mere inattentiveness or carelessness. To believe that the statute was intended to allow motorists the option of when they will or will not abide by the lane requirement is simply not reasonable." (Emphasis sic.) Id. at ¶43.

{¶18} We agree with the trial court's conclusion that the stop of the Dozer vehicle was justified under both the standard for probable cause and that of reasonable articulable suspicion. Deputy Williamson observed (1) a traffic violation and (2) a discrepancy in vehicle registration, a factor which Appellant ignores. These circumstances were observed before Deputy Williamson initiated the traffic stop and were clearly articulated in his testimony at the suppression hearing. Although Appellant argues that there is

no evidence that Dozer was operating her vehicle in an unsafe manner, this fact is irrelevant. A violation of the statute was observed and another possible violation with regard to the license plates and registration gave rise to the stop.   In the *Mays'* court's full discussion of R.C. 4511.33, including the legislative intent with regard to safety, the court noted that the abiding by the lane requirement was not optional.  Based on the foregoing, Appellant's sole assignment of error is overruled and the trial court's ruling on the motion to suppress is affirmed.

**JUDGMENT AFFIRMED**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**